UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| MICHAEL AMOS, PITRELL BRISTER, ANTONIO DAVIS, WILLIE FRIEND, CHARLES GAYLES, DANIEL GUTHRIE, JONATHAN J. HAM, DESMOND HARDY, BILLY JAMES, JR., JUSTIN JAMES, QUENTEN JOHNSON, CHALLIS LEWIS, DEAUNTE LEWIS, LARRY MAXWELL, TERRANCE MCKINNEY, DERRICK PAN, BRANDON ROBERTSON, KURIAKI RILEY, DERRICK ROGERS, TYREE ROSS, H.D. ALEXANDER SCOTT, DEANGELO TAYLOR, LEMARTINE TAYLOR, CONTI TILLIS, DEMARCUS TIMMONS, CARLOS VARNADO, PHILLIP DECARLOS WEBSTER, ADRIAN WILLARD, and CURTIS WILSON, | |
| Plaintiffs, | Civil Action No. 4:20-CV-007-DMB-JMV |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PELICIA E. HALL, in her official capacity as the Commissioner of the Mississippi Department of Corrections, and MARSHAL TURNER, in his official capacity as the Superintendent of the Mississippi State Penitentiary, | |
| Defendants. | |

Plaintiffs MICHAEL AMOS, PITRELL BRISTER, ANTONIO DAVIS, WILLIE FRIEND, CHARLES GAYLES, DANIEL GUTHRIE, JONATHAN J. HAM, DESMOND HARDY, BILLY JAMES, JR., JUSTIN JAMES, QUENTEN JOHNSON, CHALLIS LEWIS, DEAUNTE LEWIS, LARRY MAXWELL, TERRANCE MCKINNEY, DERRICK PAN, BRANDON ROBERTSON, KURIAKI RILEY, DERRICK ROGERS, TYREE ROSS, H.D. ALEXANDER SCOTT, DEANGELO TAYLOR, LEMARTINE TAYLOR, CONTI TILLIS, DEMARCUS TIMMONS, CARLOS VARNADO, PHILLIP DECARLOS WEBSTER, ADRIAN WILLARD, and CURTIS WILSON, by and through their undersigned attorneys, file this Complaint against Defendants PELICIA E. HALL, in her official capacity as the Commissioner of the Mississippi Department of Corrections, and MARSHAL TURNER, in his official capacity as the Superintendent of the Mississippi State Penitentiary, and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs' lives are in peril. Individuals held in Mississippi's prisons are dying because Mississippi has failed to fund its prisons, resulting in prisons where violence reigns because prisons are understaffed. In the past two weeks alone, five men incarcerated in Mississippi have died as the result of prison violence. These deaths are a direct result of Mississippi's utter disregard for the people it has incarcerated and their constitutional rights.

2. This unthinkable spate of deaths is the culmination of years of severe understaffing and neglect at Mississippi's prisons. As Mississippi has incarcerated increasing numbers of people, it has dramatically reduced its funding of prisons. Nearly half of the prison guard slots for Mississippi's prison remain unfilled. The Mississippi State Penitentiary at Parchman, a maximum security prison built on the site of a former plantation, has only one-quarter of the corrections officers it needs.

3. Without adequate guards, prisons are plagued by violence, with incarcerated people fearing for their lives. In the first week of 2020, three men died at Parchman alone.

4. The underfunding also forces people held in Mississippi's prison to live in squalor, endangering their physical and mental health. The prisons have failed to provide the basic necessities, such as a place to sleep. In Parchman, the units are subject to flooding. Black mold festers. Rats and mice infest the prison. Units lack running water and electricity for days at a time.

5. Observers, including state and federal officials, have realized that Mississippi has fostered an environment for prison violence, describing the conditions as "abhorrent," citing the "widespread violence and unsanitary conditions."

6. These inhumane conditions are unconstitutional. The Eighth Amendment of the United States Constitution prohibits the infliction of cruel and unusual punishment and is violated when prison officials fail to protect against prison-related violence and when prison conditions fail to meet basic human needs. The conditions present a grave and imminent danger to Plaintiffs.

7. By this action, Plaintiffs seek immediate relief from these unconstitutional conditions.

**PARTIES**

8. Plaintiffs MICHAEL AMOS, PITRELL BRISTER, ANTONIO DAVIS, WILLIE FRIEND, CHARLES GAYLES, DANIEL GUTHRIE, JONATHAN J. HAM, DESMOND HARDY, BILLY JAMES, JR., JUSTIN JAMES, QUENTEN JOHNSON, CHALLIS LEWIS, DEAUNTE LEWIS, LARRY MAXWELL, TERRANCE MCKINNEY, DERRICK PAN, BRANDON ROBERTSON, KURIAKI RILEY, DERRICK ROGERS, TYREE ROSS, H.D. ALEXANDER SCOTT, DEANGELO TAYLOR, LEMARTINE TAYLOR, CONTI TILLIS, DEMARCUS TIMMONS, CARLOS VARNADO, PHILLIP DECARLOS WEBSTER, ADRIAN

WILLARD, and CURTIS WILSON are individuals incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi ("Parchman") who are at a substantial risk of serious harm in the form of prison violence, and by the squalid conditions in which they are forced to live.

9. Defendant PELICIA E. HALL is Commissioner of the Mississippi Department of Corrections ("MDOC"). By statute, MDOC is "vested with the exclusive responsibility for management and control of the correctional system, and all properties belonging thereto" and "shall be responsible for the management of affairs of the correctional system and for the proper care, treatment, feeding, clothing and management of the offenders confined therein." Miss. Code Ann. § 47-5-23. The Commissioner has the duty and authority to do the following: "Establish the general policy of the Department" (§47-5-20); "implement and administer laws and policy related to corrections" (§47-5-28(a)); and "establish standards. . . . and exercise the requisite supervision as it relates to correctional programs over all state-supported adult correctional facilities[.]" (§47-5-28(b)). As Commissioner, Defendant Hall has the ultimate responsibility for ensuring that all prisons under the jurisdiction of MDOC operate in compliance with state and federal law. Individuals at Parchman have sent numerous complaints to Defendant Hall, and Defendant Hall has personally inspected Parchman on multiple occasions. At all times relevant hereto, she has acted under color of state law. Defendant Hall is sued in her official capacity. Additional allegations regarding Defendant Hall's conduct are set forth herein.

10. Defendant MARSHAL TURNER is Superintendent of the Mississippi State Penitentiary. Defendant Turner manages the operations of Parchman. Defendant Turner is aware of the problems at Parchman and has failed to take reasonable measures to abate the substantial risks of serious harm set forth herein. At all times relevant hereto, Defendant Turner has acted under color of state law. Defendant Turner is sued in his official capacity.

## JURISDICTION AND VENUE

11. This action arises under the United States Constitution and 42 U.S.C. § 1983. Jurisdiction proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

12. Venue lies properly with this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## FACTS

13. For years, Mississippi has dramatically underfunded its prisons. While the number of people in custody has increased, Mississippi has reduced funding by tens of millions of dollars each year.

14. As a result, the Mississippi prison system as a whole is chronically understaffed. On average, nearly half of prison corrections officials positions remain unfilled.

15. A year ago, the MDOC issued a press release stating that the MDOC needed "help to address staffing." The MDOC described the precarious situation as an issue of "public safety" that meant MDOC was "operating in a pressure cooker type situation." At the time, the "staffing crisis" at Parchman amounted to a forty-two percent staff vacancy rate. The staffing crisis has persisted.

16. These longstanding problems have in recent weeks reached a boiling point that imperils Plaintiffs and places them in imminent danger of serious physical injury. Five recent deaths in Mississippi's prisons exemplify the extreme risk of violence that Plaintiffs are currently facing. Three of those death occurred at Parchman in the first week of the year.

17. Walter Gates, an inmate of Unit 29E at Parchman was stabbed multiple times the night of New Year's Eve, and pronounced dead just after midnight. Roosevelt Holliman was

5

stabbed to death in a fight the next day. And Denorris Howell, an inmate of Unit 29I at Parchman, was stabbed multiple times and pronounced dead the day after that.

18. The county coroner described the recent spate of violence at Parchman as "unprecedented," noting that so many were injured in the prison violence that the Parchman medical facility was unable to accommodate them all.

19. The understaffing at Parchman presents an imminent risk to Plaintiffs. Every day presents the possibility of yet another preventable death.

20. The federal government has recognized that understaffing of these levels presents a substantial risk of imminent harm. In April 2019, the Department of Justice issued a report concerning Alabama's Department of Corrections (the "ADOC"). Despite the fact that the ADOC overall actually had a staffing ratio higher than the ratio at Parchman, the Department of Justice report described the lack of prison guards at ADOC as an "egregious level of understaffing" with "inadequate supervision that results in a substantial risk of serious harm."

21. The neglected state of prison facilities fosters an environment for violence. Parchman is overcrowded and has insufficient mattresses for its population, leaving inmates sleeping on the floor. The prison units have been flooded and are now covered in black mold. The physical facilities reflect the scars of neglect, with light fixtures missing and holes in the walls. Toilets back up, resulting in floors covered with raw sewage. Electricity and running water are provided only sporadically. At Parchman, drinking water repeatedly has failed to meet federal safety standards. The prison's sewage system is in such disrepair that it has been cited for violating the federal Clean Water Act.

22. A 2019 Mississippi Department of Health inspection of Parchman found "more than 400 cells with problems such as flooding and leaks, lack of lights, power and water, broken

toilets and sinks as well as missing pillows and mattresses." Hundreds of other environmental deficiencies were also identified by the inspection, including exposed wiring and mildew. The MDOC itself has described Unit 29 of Parchman as "unsafe for staff and inmates because of age and general deterioration."

23. These conditions, in and of themselves, present a serious risk of imminent harm. They threaten the health of the people living within Parchman's walls and put them at a substantial risk of developing chronic and serious illnesses.

## CAUSES OF ACTION

### COUNT ONE

**42 U.S.C. § 1983: Eighth and Fourteenth Amendments of the United States Constitution**
**Protection from Harm**

24. By their policies and practices described herein, Defendants subject Plaintiffs to a substantial risk of serious harm by failing to protect them from violence, ignoring, by act or omission emergency situations, and enabling violent attacks within prison walls. These policies and practices have been and continue to be implemented by Defendants and their agents, officials, employees, and all persons acting in concert with them under color of state law, in their official capacities, and are the cause of the Plaintiffs' ongoing deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.

25. Defendants have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

### COUNT TWO

**42 U.S.C. § 1983: Eighth and Fourteenth Amendments of the United States Constitution**
**Environmental Conditions**

26. By their policies and practices described herein, Defendants subject Plaintiffs to a substantial risk of serious harm and injury from dangerous environmental conditions, including,

but not limited to, vermin, exposure to black mold and other toxic substances that endanger health, sewage, filthy cells and fixtures, broken plumbing, and exposed wiring. These policies and practices have been and continue to be implemented by Defendants and their agents, officials, employees, and all persons acting in concert with them under color of state law, in their official capacities, and are the cause of Plaintiffs' ongoing deprivation of rights secured by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.

27. Defendants have been and are aware of all of the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

## **REQUEST FOR RELIEF**

28. Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in this complaint. Plaintiffs will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of Defendants, as alleged herein, unless this Court grants the relief requested. The need for relief is critical because the rights at issue are paramount under the United States Constitution and the laws of the United States.

29. WHEREFORE, Plaintiffs respectfully request that the Court:

   a. Adjudge and declare that the acts, omissions, policies, and practices of Defendants, and their agents, employees, officials, and all persons acting in concert with them under color of state law or otherwise as described herein are in violation of the rights of the Plaintiffs under the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution and federal law;

   b. Preliminarily and permanently enjoin Defendants, their agents, employees, officials, and all persons acting in concert with them under color of state law, from subjecting Plaintiffs to the illegal and unconstitutional conditions, acts, omissions, policies, and practices set forth above;

c. Order Defendants to develop and implement, as soon as practical, a plan to eliminate the substantial risks of serious harm that Plaintiffs suffer due to filthy and dangerous conditions and failure to protect incarcerated people from violence. Defendants' plan shall include at a minimum the following:

   a. **Protection from Harm:** Protection from prison violence and failure to timely respond to emergency conditions by, *inter alia,* assuring an adequate level of properly trained staff; and

   b. **Environmental Conditions:** Providing safe and clean conditions free from filth and vermin and with adequate access to exercise, outdoor recreation, showers, lighting, sanitation, plumbing, ventilation, and other basic human needs required by dignity, civilized standards, humanity, and decency.

d. Issue a judgment against Defendants in an amount to be determined at trial, including compensatory and punitive damages in an amount that is fair, just, and reasonable;

e. Award Plaintiffs the costs of this suit, and reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988, and other applicable law;

f. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction; and

g. Grant Plaintiffs such other relief as the Court deems appropriate and just.

Respectfully Submitted,

*Lawrence S. Blackmon*
THE BLACKMON FIRM, PLLC
97 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
(601) 859-1411

Alex Spiro*
Ellyde R. Thompson*
Joshua Stanton*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849 7000

*Pro Hac Vice motions to be filed*

*Attorneys for Plaintiffs*

Dated: January 14, 2020