# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

MICHAEL AMOS, et al.                                                                          PLAINTIFFS

V.                                                                        NO. 4:20-CV-7-DMB-JMV

PELICIA E. HALL, et al.                                                                        DEFENDANTS

## ORDER

On January 14, 2020, twenty-nine individuals incarcerated at the Mississippi State Penitentiary in Parchman, Mississippi, filed a complaint in the United States District Court for the Northern District of Mississippi against Pelicia E. Hall, in her official capacity as the Commissioner of the Mississippi Department of Corrections, and Marshal Turner, in his official capacity as the Superintendent of the Mississippi State Penitentiary. Doc. #1. In their complaint, the plaintiffs allege that the defendants' policies and practices have caused years of neglect at Parchman, which has placed them in imminent danger of serious physical injury, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment, as incorporated by the Fourteenth Amendment.

Late in the evening on January 23, 2020, the plaintiffs filed a 17-page document titled, "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Doc. #11 at 1. In the motion, the plaintiffs ask the Court that (1) "upon such notice to Defendants as it may deem appropriate, the Court hold an evidentiary hearing on the record at Parchman itself so that the Court may speak with inmates in person and inspect the facilities;" and (2) the Court then "appoint an appropriate special master or independent monitor to assume control of day-to-day operations." *Id.* at 14–15. The motion does not reflect that it was served on the defendants.[1]

---

[1] The docket reflects that the complaint was served on each defendant but that no attorney has entered an appearance on behalf of either defendant such that they would be electronically served documents filed through the Court's CM/ECF system.

The Local Civil Rules of this Court require that "[o]ther than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority." L.U. Civ. R. 7(b)(2)(B). Legal arguments and authority generally must be included in an accompanying memorandum brief, which must be filed separately from the motion.[2] L.U. Civ. R. 7(b)(2).

Furthermore, the Prison Litigation Reform Act "has substantially limited the capacity of federal courts to appoint special masters to oversee prison conditions, specifically in order to ensure compliance with the Eighth Amendment." *Webb v. Goord*, 340 F.3d 105, 111 (2d Cir. 2003). It is, therefore, incumbent upon a plaintiff to support a request for such relief with relevant authority and argument. *Center v. Lampert*, 726 F. App'x 672, 676 (10th Cir. 2018).

Due to the plaintiffs' non-compliance with the Local Rules described above, and because their motion cites no specific authority regarding their request for appointment of a special master,[3] the motion for preliminary relief [11] is **DENIED without prejudice**. Within thirty-six hours of the entry of this order, the plaintiffs may re-file the motion, along with a separate memorandum brief. To the extent the relief requested in any re-filed motion contemplates notice to the defendants, which the original motion apparently contemplated, such motion should state the efforts made to notify the defendants of the motion.[4] The accompanying memorandum brief, if filed, should include legal authority supporting the request for all of the relief sought. The defendants shall have forty-eight (48)

---

[2] The Court notes that memorandum briefs need not be filed in support of a motion involving a necessitous or urgent matter. L.U. Civ. R. 7(b)(4). However, the Local Rules impose other procedural requirements concerning such motions which have not been followed here. *See* L.U. Civ. R. 7(b)(8).

[3] The motion also asserts numerous unsupported facts.

[4] To the extent the motion contemplates relief without notice—given that no verified complaint or affidavit has been filed stating specific facts showing immediate and irreparable injury, loss, or damage to the plaintiffs—the plaintiffs' attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

hours from the time of service of the re-filed motion to file a response.   The plaintiffs may file a reply within forty-eight (48) hours of the filing of the response.

**SO ORDERED**, this 24th day of January, 2020.

<u>**/s/Debra M. Brown**</u>
**UNITED STATES DISTRICT JUDGE**