**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL AMOS,** *ET AL.* **PLAINTIFFS**

**V.** **CASE NO. 4:20-CV-007-DMB-JMV**

**TOMMY TAYLOR,** *ET AL.* **DEFENDANTS**

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MANDATORY PRELIMINARY INJUNCTION AS TO COVID-19**

COME NOW Plaintiffs, by and through counsel, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and L.U. Civ. R. 7(b)(8), as this is an urgent or necessitous matter, and respectfully request that the Court issue its order directing mandatory and affirmative action to safeguard Plaintiffs at Parchman from SARS-CoV-2, also known as, COVID-19.[1] In support, Plaintiffs would show:

1. Plaintiffs are incarcerated persons at the Mississippi State Penitentiary at Parchman, Mississippi ("Parchman"). As inmates at Parchman, Plaintiffs are held in close confinement with other prisoners, in grossly unsanitary conditions, and under a healthcare system that has come under recent scrutiny for failing to provide inmates basic healthcare. Thus, Plaintiffs, along with other inmates at Parchman, are extremely susceptible to COVID-19, which has been elevated to pandemic status by the World Health Organization.

2. By incarcerating Plaintiffs, the State of Mississippi has assumed responsibility for their health and safety. In order for the State to fulfill its duties in the face of COVID-19, Defendants must be required to implement immediately the following protocols to prevent the introduction or mitigate the spread of COVID-19 within Parchman:

---

[1] The official Centers for Disease Control title for the virus at issue is SARS-CoV-2. The virus also has been called coronavirus disease 2019, which abbreviated is "COVID-19."

a. **Immediate Testing**. Defendants must be required immediately to implement testing protocols for the identification and containment of COVID-19. These protocols must include the immediate testing of all inmates, Parchman employees, and all other individuals entering Parchman.

b. **Immediate Screening**. Defendants must be required to screen each employee or other person entering the facility every day to detect fever over 100 degrees, cough, shortness of breath, recent travel to a high risk country, and/or exposure to someone who is symptomatic or under surveillance for COVID-19.

c. **Current Inmate Quarantine**. Defendants must be required to establish non-punitive quarantine for all individuals who test positive for COVID-19, who were directly exposed to individuals who test positive for COVID-19, or who exhibit symptoms of the virus.

d. **New Inmate Quarantine.** Defendants must be required to establish a fourteen (14) day, non-punitive quarantine for all new inmates entering Parchman to ensure they are not infected before exposing them to the general population.

e. **Institutional Hygiene**. Defendants must be required to increase the sanitation and cleaning protocol and schedule for all public spaces, highly traveled areas, and cells.

f. **Personal Hygiene**. Defendants must be required to provide hand sanitizer with alcohol, antibacterial soap, antibacterial wipes and other hygiene products to each inmate free of charge and ensure replacement products are available as needed. Necessarily, hand sanitizer with alcohol must be declassified as contraband

temporarily, as it is one of the only methods proven to prevent or slow the spread of coronavirus.

g. **Limit Contact Visitation**. Defendants must be required to limit visitation that allows inmates to come into physical contact with visitors, and Defendants must be required to implement or increase non-contact visitation methods and opportunities such as video conferencing and/or telephone calls.

h. **Waive Copays**. Defendants, including without limitation healthcare providers working under their direction, must be required to waive copays for inmate medical evaluation and care related in any way to COVID-19 and/or its symptoms.

i. **Supply Chain**. Defendants must be required to identify the supplies and other materials upon which Parchman is dependent, such as food, medical supplies, certain medicines, cleaning products, etcetera, and prepare for shortages, delays or disruptions in the supply chain.

j. **Reporting**. Defendants must be required to report to the Court weekly to apprise the Court of: the progress in implementing the foregoing; the results of testing of employees and inmates; the numbers of COVID-19 cases at Parchman, if any; and the measures in place to separate inmates who have tested positive from the general prison population.

3. In support of their Motion, Plaintiffs also submit a Memorandum Brief and attach hereto the following exhibits, which include a proposed order pursuant L.U. Civ. R. 7(b)(2)(f).

| | |
|---|---|
| Exhibit A | World Health Organization Director-General's Brief on COVID-19 (Mar. 11, 2020). |
| Exhibit B | Presidential Proclamation Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) dated 03/13/2020. |
| Exhibit C | State of Mississippi, Office of Governor, Proclamation dated 03/14/2020. |

| | |
|---|---|
| Exhibit D | Standing Order In Re: The Novel Coronavirus (COVID-19), 3:20-MC-9, U.S. District Court for the N.D. of Miss. dated 3/16/2020. |
| Exhibit E | WHO Statement, COVID-19 cases surpassing 100,000 (3/7/2020). |
| Exhibit F | Affidavit of Marc Stern, MD MPH |
| Exhibit G | MDOC Press Release "MDOC Takes Preventative Steps Against Coronavirus Exposure" dated 3/12/2020. |
| Exhibit H | Medical Records of Inmate Larry Maxwell (showing repeated visits to medical clinic without receiving treatment). |
| Exhibit I | Bureau of Justice Statistics, US DOJ, Medical Problems of State and Federal Prisoners and Jail Inmates, 2011-12, NCJ 248491 (Rev. 10/4/2016). |
| Exhibit J | Proposed Order. |

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court grant this Emergency Motion for Temporary Restraining Order and Mandatory Preliminary Injunction as to COVID-19. In addition, Plaintiffs request all further relief the Court may deem appropriate.

Date: March 16, 2020                                    Respectfully submitted,


                                                         */s/ Marcy B. Croft*
                                                         Marcy B. Croft (MS Bar #10864)
                                                         Carson H. Thurman (MS Bar #104871)
                                                         MARON MARVEL BRADLEY ANDERSON &
                                                         TARDY LLC
                                                         200 South Lamar Street
                                                         Jackson, MS 39201
                                                         Telephone: (601) 960-8630
                                                         Telefax: (601) 206-0119

                                                         Thomas G. Bufkin (MS Bar #10810)
                                                         CARROLL BUFKIN, PLLC
                                                         1076 Highland Colony Parkway
                                                         600 Concourse, Suite 125
                                                         Ridgeland, MS 39157
                                                         Telephone: (601) 982-5011
                                                         Telefax: (601) 853-9540

                                                         **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of March 2020, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel for record registered to receive electronic service by operation of the Court's electronic filing system.

　　　　　　　　　　　　　　　　　　　　/s/ Marcy B. Croft