# EXHIBIT D

**Standing Order In Re: The Novel Coronavirus (COVID-19), 3:20-MC-9, U.S. District Court for the N.D. of Miss. dated 3/16/2020**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: THE NOVEL CORONAVIRUS (COVID-19)            3:20-MC-9

STANDING ORDER

The Centers for Disease Control and Prevention has determined that COVID-19 presents a serious public health threat. Consequently, the President of the United States has issued Proclamations prohibiting travel to the United States by foreign nationals who recently visited areas acutely impacted by COVID-19. The Department of State has also issued Travel Advisories for certain affected countries. Domestic and foreign health authorities have issued guidance to citizens and visitors within their respective jurisdictions, both recommending and mandating precautionary measures to defend against the spread of COVID-19.

Mindful of the Court's duty to ensure the "just, speedy, and inexpensive determination of every action and proceeding"[1] as well as its duty to protect parties, court staff, witnesses, corporate representatives, and practitioners who appear before it and the community in which it sits, it is therefore ORDERED as follows:

(1) Any attorney or party shall promptly notify the Court and opposing counsel, if such party or attorney reasonably suspects (while erring on the side of caution) that a party, attorney, witness or other case participant scheduled to appear before the Court, or that has recently appeared before the Court, has been in contact within the past 14 days with an individual who may be infected by COVID-19.

(2) If notice is given pursuant to subsection (1), the parties shall promptly confer regarding the appropriate means to conduct the hearing, trial, or deposition that is the subject thereof in a manner consistent with all applicable domestic and foreign regulations and health authority guidance. In doing so, the parties shall consider, among other things:
    (a) Whether video conferencing would be appropriate and effective;
    (b) Whether an alternative witness, representative, attorney, or source of proof is available without conflicting with subsection (1);
    (c) Whether a delay in such hearing, trial, or deposition would alleviate the relevant concern, and if so, what is the least amount of delay necessary.

(3) After any notice given pursuant to subsection (1), the parties shall file a joint notice or joint motion within a reasonable time that:
    (a) Identifies the concern that was the subject of the notice;

---

[1] FED. R. CIV. P. 1.

     (b) Explains the steps the parties have agreed upon and implemented to alleviate such concern;
     (c) Sets forth any relief requested from the Court to address such concern;
     (d) Sets forth any disagreements among the parties, including alternative proposals not mutually agreed upon.

(4) Court Proceedings: All proceedings, civil and criminal, scheduled or typically undertaken in person should be continued or conducted by video or telephone conference to every extent possible. With regard to bankruptcy cases, all hearings that can be conducted telephonically, will be. Priority will be given to criminal proceedings with speedy trial implications. The United States Attorney and Federal Defender offices should cooperate and use their discretion to prioritize proceedings, and continue non-essential proceedings wherever possible.
     (a) Video or telephonic conferencing technology, should be used for any and all court proceedings if at all possible.
     (b) The Court will entertain motions to continue jury trials on a case-by-case basis, keeping in mind that juror reporting should be eliminated if at all possible until further notice.
     (c) The Grand Jury scheduled for March will be postponed until further notice.
     (d) Attorney/Client conferences in criminal matters should be conducted by video and other electronic means to the full extent possible.
     (e) Detainee and prisoner movement should be minimized and eliminated wherever possible.

(5) Petty Offense: the hearing day set to address misdemeanor citations in April and May will be continued until June and July respectively. The cases set for the March hearing date will be disposed of at the discretion of the presiding judge.

(6) Public access to the courthouses will be limited to access that is absolutely necessary and the Court Security Officers will implement protocols to limit access and screen members of the public seeking access to the courthouses.
     (a) Every Judge retains the discretion to restrict access to Chambers for all interns, temporary Court staff, and others.

     In this time of overriding concerns for life and safety the Court encourages consistent practice among all stakeholders. While the Court appreciates that unusual and emergency situations may arise, the intent behind this order is to help all of us stay well and safe. I strongly encourage adherence to this order in a strict and consistent manner.

This Order is subject to modification and change *sua sponte* and without notice and will remain in effect until further order. This Order shall be posted at the entrance to every court facility in the district, and on the court's internal and public websites.

It is so ORDERED and SIGNED on this, the 13th day of March, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3