**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL AMOS, et al.**  PLAINTIFFS

**V.**  NO. 4:20-CV-7-DMB-JMV

**TOMMY TAYLOR, et al.**  DEFENDANTS

**ORDER**

During a February 3, 2020, hearing in this case, the Court directed that the defendants provide to the Court for in camera inspection a list of all remedial measures undertaken at Parchman. The Court stated that such documentation would be provided to the plaintiffs to the extent it "implicate[s] any of the named plaintiffs." The procedure for this release was memorialized in the April 22, 2020, protective order entered by the Court, which states that "[t]he Court will release th[e] documentation, in whole or in part, to Plaintiffs to the extent the Court deems said release appropriate." Doc. #77 at 3.

The defendants, on April 15, May 19 and June 8, submitted to the Court for in camera review numerous maintenance documents. On June 8, 2020, the defendants, at the Court's direction, submitted a list of documents from the April 15 and May 19 submissions which they believe to be irrelevant and thus not discoverable. Specifically, the defendants contend that the listed documents relate solely to remediation work performed in areas of Parchman where the named plaintiffs were not housed since February 3, 2019.[1]

This Court previously concluded that the areas of Parchman relevant at this stage of the litigation are those areas where the named plaintiffs were housed since February 3, 2019, and other

---

[1] These areas are (1) Zones C and D in Unit 25; (2) Zones A, B, C, and D of Building A in Unit 26: (3) Zones A, B, C, and E, of Building B in Unit 26; (4) Unit 28; (5) Zone B of Building A in Unit 29; (6) Zone A of Building C in Unit 29; (7) Zone A of Building E in Unit 29; (8) Zones A and B of Building J in Unit 29; (9) Zone B of Building L in Unit 29; (10) Zone A of Building C in Unit 30; (11) Zones B and D of Unit 31; and (12) the West and North Wards of

areas "to which the plaintiffs have now or have had access …." Doc. #48 at 7 & n.4. The defendants' position regarding the listed documents relies wholly on the argument that the named plaintiffs were not *housed* in the areas referenced in the identified documents; however, the defendants make no representation as to whether the named plaintiffs had *access* to such areas. Accordingly, no later than June 19, 2020:

1.   The defendants must determine whether any of the named plaintiffs have had *access* to the allegedly irrelevant areas and submit to the Court an updated list of the documents they believe are non-discoverable, which must include any portion of their June 8 submission they believe irrelevant.

2.   The defendants must provide to the plaintiffs all indisputably relevant documents, along with the updated list of the documents the defendants believe are non-discoverable.

**SO ORDERED**, this 12th day of June, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**