**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL AMOS**, *et al.*                                                                 **PLAINTIFFS**

**VS.**                                                     **CIVIL ACTION NO. 4:20-CV-07-DMB-JMV**

**TOMMY TAYLOR**, *et al.*                                                          **DEFENDANTS**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' OPPOSED FOURTH MOTION FOR
JUDICIAL NOTICE OF MDOC DEATHS [DOC. 109]**

---

Plaintiffs ask the Court to take judicial notice of alleged "facts" related to the deaths of

one non-Plaintiff inmate housed at the Mississippi State Penitentiary ("MSP") and seven non-

Plaintiff inmates housed at other Mississippi Department of Corrections ("MDOC") facilities

between May 13, 2020 and June 18, 2020. [Docs. 109, 110]. The Court should not take judicial

notice of any of the alleged facts set forth by Plaintiffs because they are not adjudicative, i.e.,

they are not controlling, operative, and relevant to the claims in this lawsuit. *See, e.g.*, *Allied*

*Home Mortg. Capital Corp. v. Blues Alley Estates Ltd. P'ship*, 2008 WL 11342878, at \*1-2

(N.D. Miss. Sept. 9, 2008) (denying motion to take judicial notice because proffered facts were

not "controlling or operative facts to the issues presented"); *Alston v. Prairie Farms Dairy, Inc.*,

2018 WL 1800867, at \*4 (N.D. Miss. Apr. 16, 2018) (denying motion to take judicial notice

because plaintiff did not explain how the proffered documents and facts related to plaintiff's

claim). Accordingly, Plaintiffs' motion should be denied.

**I.    Plaintiffs' proposed facts are not adjudicative facts, as required for judicial notice.**

Federal Rule of Evidence 201 governs "Judicial Notice of Adjudicative Facts." An

<u>adjudicative</u> fact is a "controlling or operative fact, rather than a background fact." *Alston*, 2018

WL 1800867, at \*4 (quoting Black's Law Dictionary (10th ed. 2014)). Rule 201(b) "permits a

court to take judicial notice of an 'adjudicative fact' if the fact 'is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Shepard v. Cleveland Sch. Dist.*, 2019 WL 4418530, at \*4 (N.D. Miss. Sept. 16, 2019) (emphasis added).

First, none of the deaths referenced in Plaintiffs' motion are of named Plaintiffs in this lawsuit, and despite Plaintiffs' hopes of establishing a class action, none exists at this time. Second, Plaintiffs seek judicial notice of seven deaths of inmates who were not even housed at MSP, which are clearly not adjudicative of the claims in this lawsuit. Finally, Plaintiffs have failed to establish that the facts of the deaths are relevant to their claims. In their brief, Plaintiffs claim the eight deaths are relevant because they demonstrate, without more, MDOC's deliberate indifference, as well as MDOC's customs or policies related to security, medical treatment, and environmental conditions affecting Plaintiffs. [Doc. 110] at 4-5. That is clearly not the case: neither the cause of death nor a legal conclusion of deliberate indifference can be established simply by judicial notice of the fact of death. According to Plaintiffs, severe violations of their constitutional rights can be inferred simply from the fact that other inmates have died. *Id*. On the contrary, the cause of death is subject to reasonable dispute. And without causation and evidence of deliberate difference, the fact of death alone is not adjudicative of the claims in the lawsuit.

For each of the eight inmates included in Plaintiffs' motion, Plaintiffs seek judicial notice of: the inmate's name; his or her date of death; his or her age; and, in some instances, that he or she was found unresponsive and the place of death. Not one of these "facts" is evidence of deliberate indifference or customs or policies related to security, medical treatment, or environmental conditions. Such "facts" do not establish the cause of death. Again, Plaintiffs seek

2

judicial notice of facts related to the deaths of seven inmates who were not even housed at MSP, which cannot be adjudicative of the claims in this lawsuit because the claims here relate only to MSP and not to other MDOC facilities. Plaintiffs' proposed facts are, at best, background facts. They are not controlling, operative facts, as required for judicial notice.

## II.   Conclusion

For the reasons set forth above, the Court should deny Plaintiffs' motion for judicial notice [Doc. 109]. Defendants request such other and further relief as the Court deems appropriate under the circumstances.

Date:  July 6, 2020.

Respectfully submitted,

**TOMMY TAYLOR, in his official capacity as the Interim Commissioner of the Mississippi Department of Corrections, and MARSHAL TURNER, in his official capacity as the Superintendent of the Mississippi State Penitentiary**

By:   */s/ Trey Jones*
William Trey Jones, III
One of Their Attorneys

OF COUNSEL:

R. David Kaufman (MSB #3526)
dkaufman@brunini.com
William Trey Jones, III (MSB #99185)
tjones@brunini.com
Karen E. Howell (MSB #102243)
khowell@brunini.com
Cody C. Bailey (MSB #103718)
cbailey@brunini.com
Jacob A. Bradley (MSB #105541)
jbradley@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

Michael J. Bentley (MSB# 102631)
mbentley@bradley.com
Molly M. Walker (MSB# 100689)
mmwalker@bradley.com
Bradley Arant Boult Cummings, LLC
One Jackson Place
188 East Capitol Street, Suite 1000
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## CERTIFICATE OF SERVICE

I, Trey Jones, hereby certify that on July 6, 2020, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and registered participants.

/s/ Trey Jones
William Trey Jones, III
One of the Attorneys for the Defendants

4