UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL AMOS, *ET AL.*                                                    PLAINTIFFS

V.                                                      CASE NO. 4:20-CV-007-DMB-JMV

TOMMY TAYLOR, *ET AL.*                                          DEFENDANTS

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR OPPOSED FOURTH MOTION FOR JUDICIAL NOTICE OF MDOC DEATHS**

Plaintiffs request this Court to take judicial notice of eight (8) MDOC deaths that occurred between May 13, 2020 and June 18, 2020. Plaintiffs' proffered facts are adjudicative and proper for judicial notice under Federal Rule of Evidence 201. Further, Defendants do not deny that these 8 MDOC deaths occurred nor offer any contrary evidence. Accordingly, Plaintiffs' Motion should be granted.

### I. Plaintiffs' Proffered Facts are Adjudicative

Defendants argue that Plaintiffs proffered facts are not adjudicative facts ripe for judicial notice however, the death of individuals who die while in the custody and care of the Mississippi Department of Corrections ("MDOC") relate directly to the Defendants, their activities, their properties, and their business. "Federal Rule of Evidence 201 governs 'Judicial Notice of Adjudicative Facts.' An adjudicative fact is a "controlling or operative fact, rather than a background fact.'"[1] The Comments to FRE 201 state that "[w]hen a court or an agency finds facts concerning the immediate parties--who did what, where, when, how, and with what motive or intent--the court or agency is performing an adjudicative function, and the facts are

---

[1] *Alston v. Prairie Farms Dairy, Inc.*, No. 4:16-CV-245-DMB-JMV, 2018 WL 1800867, at *4 (N.D. Miss. Apr. 16, 2018), motion for relief from judgment denied, No. 4:16-CV-245-DMB-JMV, 2018 WL 5269370 (N.D. Miss. Oct. 23, 2018), aff'd, 770 F. App'x 247 (5th Cir. 2019), cert. denied, 140 S. Ct. 279, 205 L. Ed. 2d 177 (2019) (citing BLACK'S LAW DICTIONARY (10th ed. 2014)).

1

conveniently called adjudicative facts."[2] Further it states that "[t]hey relate to the parties, their activities, their properties, their businesses."[3] Plaintiffs' proffered facts, i.e. the death of other individuals in MDOC custody, fall squarely within the boundaries set by FRE 201.

Additionally, Defendants assert that the proffered facts do not demonstrate MDOC's deliberate indifference. However, MDOC deaths demonstrate deliberate indifference and MDOC's failure to achieve the proper standard of care in violation of Plaintiffs' constitutional rights.[4] As previously stated, the annualized mortality rate for MDOC is at 514 deaths per 100,000 prisoners (1.7 times the national average).[5]

Furthermore, the mental and physical impact of witnessing death and killing weighs greatly on the Plaintiffs and is relevant to their claims. Defendants assert that MDOC death of inmates who were not housed at Parchman or are not Named Plaintiffs are not adjudicative of the claims in this lawsuit; however, the medical provider for every MDOC facility is the same and functions under a singular operating procedure.[6] As such, their deaths are a reflection of the system that cares for Plaintiffs.

## CONCLUSION

Plaintiffs' proffered facts are adjudicative and proper for judicial notice. Furthermore, Defendants do not deny that 8 MDOC deaths occurred nor provide any contrary evidence.

---

[2] *Id.*

[3] *Id.* citing 2 Administrative Law Treatise 353.

[4] *Amos v. Taylor*, No. 4:20-CV-7-DMB-JMV, 2020 WL 1978382, at *11 (N.D. Miss. Apr. 24, 2020) (citing *Valentine v. Collier*, 956 F.3d 797 (5th Cir. 2020) *see also*, *Hernandez v. Cty. of Monterey*, 110 F. Supp. 3d 929, 943 (N.D. Cal. 2015)(Defendants' policies and practices fell below the constitutional standard of care, [when] Defendants have known about the risks of harm but have not changed their practices.)

[5] This figure was calculated by annualizing the number of MDOC deaths from December 29, 2019 to June 18, 2020 and comparing same to the "inmate total" of 19,692 on the June 2020 monthly report published by MDOC (https://www.mdoc.ms.gov/Admin-Finance/MonthlyFacts/2020-6%20Fact%20Sheet.pdf) (last visited July 13, 2020).

[6] *See* Contract between Centurion of Mississippi, LLC and the Mississippi Department of Corrections, https://boe.magic.ms.gov/BOE/OpenDocument/2004111945/OpenDocument/opendoc/openDocument.faces?logonSuccessful=true&shareId=2

Therefore, Plaintiffs request the Court grant their motion and for any other relief the Court deems appropriate.

Respectfully submitted this the 13th day of July, 2020

                                                                */s/ Jessica L. Rice*_____
                                                                Marcy B. Croft (MS Bar # 10864)
                                                                Jessica L. Rice (MS Bar # 105722)
                                                                MARON MARVEL BRADLEY
                                                                ANDERSON & TARDY LLC
                                                                200 South Lamar Street, Suite 550N
                                                                Post Office Box 22803
                                                                Jackson, Mississippi 39225
                                                                Telephone: (769) 235-2055
                                                                Facsimile:  (601) 206-0119

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2020 a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

                                                                 */s/ Jessica L. Rice*_____
                                                                Jessica L. Rice (MS Bar # 105722)