**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL AMOS, et al.**                                                       **PLAINTIFFS**

**V.**                                                       **NO. 4:20-CV-7-DMB-JMV**

**TOMMY TAYLOR, et al.**                                          **DEFENDANTS**

**ORDER**

On July 13, 2020, the defendants filed a motion to seal Exhibit 8 to "Defendants' Response in Opposition to Plaintiffs' Supplemental Emergency Motion for Temporary Restraining Order and Preliminary Injunction." Doc. #120. As grounds, the defendants represent that Exhibit 8[1] consists of "relevant portions of Plaintiffs' medical records" and that sealing the documents is necessary to "protect Plaintiffs' confidentiality and privacy." *Id*. at 1. The plaintiffs did not respond to the motion.

Rule 79 of the Uniform Local Civil Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id*. at 849.

The public right of access, which applies to motions for injunctive relief,[2] is "particularly legitimate and important where … at least one of the parties to the action is a public entity or official." *Jaufre ex rel. Jaufre v. Taylor*, 351 F. Supp. 2d 514, 517 (E.D. La. 2005). And "[w]hile

---

[1] The documents comprising Exhibit 8 have not been filed on the record; only a placeholder document has been filed. *See* Doc. #118-8. Such documents were submitted to the Court *in camera*.

[2] *Bayer CropSci. Inc. v. Syngenta Crop. Prot., L.L.C.*, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013).

… medical records contain sensitive and personal information, that alone does not warrant depriving the public of access to filings from judicial proceedings, which are presumptively public." *Wilson v. Costco Wholesale Corp.*, No. 17-cv-81243, 2018 WL 8200952, at *1 (S.D. Fla. Sept. 18, 2018). Accordingly, where a plaintiff has placed "his medical care at issue," it is generally inappropriate to seal medical records which would "influence or underpin [a] judicial decision." *Voss v. Marathon Cty.*, No. 18-cv-540, 2020 WL 1139860, at *5 (W.D. Wis. Mar. 9, 2020); *see Chester v. King*, No. 1:16-cv-1257, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) ("Permitting Plaintiff's relevant medical records to be filed under seal in this case would deprive the public of information it is entitled to ….").

Here, the motion seeks to seal an exhibit attached to an injunction motion involving a public entity based only on the fact that the exhibit contains medical records or similar information. This justification, standing alone, is insufficient to outweigh the strong presumption of public access to the documents, particularly where the plaintiffs contend in the injunction motion that "Defendants have denied Plaintiffs urgently needed medical treatment" which, among other things, has risked their health and their lives. Doc. #99 at 13. The motion to seal [120] is therefore **DENIED**. The defendants are **DIRECTED** to file Exhibit 8, with appropriate redactions,[3] within seven (7) days of the date of this order.

**SO ORDERED**, this 14th day of August, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* Fed. R. Civ. P. 5.2(a).

2