# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MICHAEL AMOS, et al.**                                           **PLAINTIFFS**

**V.**                                        **NO. 4:20-CV-7-DMB-JMV**

**NATHAN "BURL" CAIN, et al.**[1]                                      **DEFENDANTS**

## ORDER

Before the Court is the "Named Plaintiffs' Motion to Compel Documents Regarding Relevant Remedial Measures Undertaken at Parchman." Doc. #153.

## I
## Background

During a February 3, 2020, hearing in this case, the Court directed the defendants to provide to the Court for in camera inspection a list of all remedial measures undertaken at Parchman. The Court stated that such documentation would be provided to the plaintiffs to the extent it "implicate[s] any of the named plaintiffs." The procedure for this release was memorialized in the April 22, 2020, agreed protective order entered by the Court, which states that "[t]he Court will release th[e] documentation, in whole or in part, to Plaintiffs to the extent the Court deems said release appropriate." Doc. #77 at 3.

On July 7, 2020, this Court modified the procedure for disclosure of the remediation documents to the plaintiffs such that the defendants are required to provide to the plaintiffs

---

[1] On October 21, 2020, United States Magistrate Judge Jane M. Virden, on the plaintiffs' unopposed motion, ordered that

> Nathan "Burl' Cain, the current Commissioner of the Mississippi Department of Corrections, is hereby substituted as a party defendant in lieu of defendant Tommy Taylor, the former Commissioner of the Mississippi Department of Corrections. Further, Timothy Morris, the current Superintendent of the Mississippi State Penitentiary, is hereby substituted as a party defendant in lieu of defendant Marshal Turner, the former Superintendent of the Mississippi State Penitentiary.

Doc. #168 at 1. Given these substitutions, the Court orders that the caption of all future documents filed in this case indicate the same.

documents "indisputably related to those areas [of Parchman] where the named plaintiffs were housed since February 3, 2019, and other areas to which the plaintiffs have had access," and a list of the remediation documents "believed to relate *only* to areas where the named plaintiffs were not housed or did not have access since February 3, 2019."  Doc. #115 at 1–2.  The list of allegedly non-discoverable documents is required to "identify the area to which each document relates, along with a certification that no named plaintiffs were housed or had access to such area."  *Id*.  The order provides the plaintiffs an opportunity to object to the withholding of any documents.  *Id*. at 2.  On September 10, 2020, the Court issued an order providing that "if any of the plaintiffs' objections to the withholding of documents regarding remedial measures remain outstanding seven days after service of such objections, the plaintiffs, after making a good faith attempt to resolve the discovery dispute, may file a motion to compel disclosure of such documents."  Doc. #148.

Consistent with the above procedure, the plaintiffs, on September 24, 2020, filed "Named Plaintiffs' Motion to Compel Documents Regarding Relevant Remedial Measures Undertaken at Parchman."  Doc. #153.  The motion is fully briefed.  Docs. #160, #165.

**II**
**Analysis**

The plaintiffs seek production of remediation documents:  (1) "relating to all areas of Unit 42, the [Parchman] Hospital;" (2) "relating to the entirety of Building A of Unit 29;" (3) "relating to 'laundry' or 'laundry systems' throughout [Parchman];" (4) "relating to [Parchman's] canteen services;" and (5) "relating to the entirety of Building C of Unit 29."  Doc. #154 at 7–10.  Citing Federal Rule of Civil Procedure 26(b)(5)(A), the plaintiffs also seek "adequate descriptions for many of the Withheld Documents."  *Id.* at 10.

**A.  Remediation Documents**

The plaintiffs argue that "[t]he Court's standard of relevancy for the production of documents is that 'plaintiffs' should be entitled to discover the conditions of those areas of

Parchman to which the plaintiffs are reasonably likely to be or have been exposed,'" and that "Defendants have never alleged, much less proven, that it would not be reasonably likely for any Named Plaintiff to be exposed to … Unit 42." *Id.* at 7 (quoting Doc. #48 at 7). They contend they are entitled to the production of the documents related to Unit 42, Building A of Unit 29, and Building C of Unit 29, because they are reasonably likely to have access to such buildings. *Id.* at 7–8, 10. They further argue that they are entitled to the information regarding the canteen and laundry systems because such areas have an "obvious and direct impact" on the named plaintiffs. *Id.* at 9. The defendants respond that this Court defined the "reasonably likely" language quoted by the plaintiffs to "depend on the extent to which the plaintiffs have now or have had access" to specific areas. Doc. #161 at 9 (quoting Doc. #48 at 7 n.4). The defendants thus argue that because the named plaintiffs have not lived in or had access to any of the areas, disclosure of the remediation documents is not required. *Id.* at 10–13.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by [the Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Because the parties have not yet conferred as required by Rule 26(f), and because discovery is not otherwise authorized by the Federal Rules of Civil Procedure or stipulation, entitlement to discovery in this case is necessarily determined by court order. *See Old Republic Nat'l Title Ins. Co. v. Kensington Vanguard Nat'l Land Servs. of Tex. LLC*, No. 3:17-CV-1014, 2017 WL 8677357, at *1 (N.D. Tex. May 10, 2017) (quashing discovery that "exceed[ed] the scope of permitted expedited discovery").

Document 48, the order cited by both parties, is a February 10, 2020, order setting forth the scope of an inspection this Court authorized as a part of expedited discovery with respect to the plaintiffs' motion for injunctive relief. In the February 10 order, the Court rejected the

defendants' argument that the inspection should be limited to the areas in which the named plaintiffs were currently housed. Doc. #48 at 7. In reaching this conclusion, the Court held:

> to the extent it is undisputed that prisoners at Parchman are often transferred within the institution, a limitation on current access strikes the Court as too narrow. Rather, the plaintiffs should be entitled to discover the conditions of those areas of Parchman to which the plaintiffs are reasonably likely to be or have been exposed.

*Id*. The Court further held that "[t]o the extent a … dispute exists over the right to inspect certain … areas, the right to inspection necessarily depends on the extent to which the plaintiffs have now or have had access to such areas." *Id*. at 7 n.4. Thus, the order did not address the expedited discovery obligations with respect to the remediation documents. Rather, the disclosure requirements related to the remediation documents are set forth in this Court's July 7 order, which effectuated this Court's initial statement that the plaintiffs would be entitled to those documents "implicat[ing]" the plaintiffs. Doc. #115 at 1. Pursuant to the July 7 order, the plaintiffs are entitled to those documents which are related "to those areas [of Parchman] where the named plaintiffs were housed since February 3, 2019, and other areas to which the plaintiffs have had access." *Id.* at 1–2.

By its terms, the July 7 order did not adopt a "reasonably likely" standard with respect to the disclosure of remediation-related documents. To the extent the plaintiffs argue otherwise,[2] such contention is rejected. Therefore, the Court concludes that the motion to compel disclosure of the documents sought by the plaintiffs must be denied.

### B. Specificity of Descriptions

The plaintiffs also seek to compel "adequate descriptions" of the withheld documents

---

[2] This is not to say that such documents may not be relevant to the plaintiffs' claims. However, the scope of the expedited discovery is limited to that allowed by this Court's order. If the plaintiffs believe the Court should apply a relevancy standard and expand the scope of the authorized expedited discovery, they may move to modify the disclosure requirements. The Court notes, however, that even if the Court adopted a "reasonably likely" standard with respect to access, it would not necessarily entitle the plaintiffs to the requested documentation. A possibility of access is not necessarily reasonably likely.

"under the standards set forth in the Federal Rules of Civil Procedure," specifically citing Rule 26(b)(5)(A) and Rule 34(b)(2)(C). Doc. #154 at 10–11. The defendants argue that neither of the cited rules apply to the remediation documents. Doc. #161 at 13–14. This Court agrees.

Rule 26(b)(5)(A) applies "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material." Rule 34(b)(2)(C) applies to objections to requests for production. The defendants' reasons for withholding the remediation documents are not based on assertions of privilege or assertions of protection of trial-preparation materials. The reasons are also not objections to requests for production but statements made in response to this Court's expedited discovery order. Under these circumstances, the Court declines to compel the specificity requirements sought by the plaintiffs under the cited rules.

## III
## Conclusion

For the reasons above, the plaintiffs' motion to compel [153] is **DENIED**.

**SO ORDERED**, this 22nd day of October, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**