## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

MICHAEL AMOS, et al.                                                          PLAINTIFFS

V.                                                              NO. 4:20-CV-7-DMB-JMV

NATHAN "BURL" CAIN, et al.                                                    DEFENDANTS

## ORDER

Before the Court are five motions for judicial notice filed by the plaintiffs. Docs. #83 (May 14 Motion), #86 (May 15 Motion), #109 (June 20 Motion), #125 (August 10 Motion), #142 (August 27 Motion). Collectively, the motions ask the Court to take judicial notice of facts which are said to establish seventy-one inmate deaths at Mississippi Department of Corrections facilities between December 29, 2019, and August 25, 2020. The Court's ruling on each motion, and the reasons underlying each ruling, are set forth below.

## I
## The Law

> Federal Rule of Evidence 201 provides that a court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.

*Doe v. Mckesson*, 945 F.3d 818, 833 (5th Cir. 2019) (quoting Fed. R. Evid. 201(b)), *vacated on other grounds*, No. 19-1108, 2020 WL 6385692 (U.S. Nov. 2, 2020). The burden is on the party seeking judicial notice to show that these requirements have been satisfied. *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011); *see* 21B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE EVIDENCE § 5108 (2d ed.) ("Rule 201(d) places the burden on the proponent to supply the necessary information.")

Analytically, the facts the plaintiffs seek to have judicially noticed may be broken into four categories: (1) facts related to deaths at Parchman as evidenced by official MDOC press releases;

(2) facts related to deaths at Parchman as evidenced by news reports; (3) facts related to deaths at facilities other than Parchman as evidenced by MDOC press releases; and (4) facts related to deaths at facilities other than Parchman as evidenced by news reports. The facts themselves may be divided into three categories—facts concerning alleged deaths at MDOC facilities (e.g., "On January 1, 2020, Walter Earl Gates was killed at … Parchman"),[1] statements made by MDOC regarding those deaths (e.g., "On December 29, 2019, according to [MDOC] Terrandance Dobbins was killed at South Mississippi Correctional Institution in a "major disturbance.")[2] and statements made by non-MDOC persons regarding those deaths (e.g., "According to Sunflower County Coroner Heather Burton, Denorris died from neck injuries after fight with cellmate.").[3]

## A. Adjudicative Facts

Adjudicative facts are those facts which are relevant to the disposition of the case. *See Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224, 244 n.52 (5th Cir. 1976) (Brown, C.J., concurring) ("Adjudicative facts are the peculiar facts relevant to the particular case in controversy …."); *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) ("Adjudicative facts are facts that are relevant to a determination of the claims presented in a case."); *United States v. Gilkerson*, 556 F.3d 854, 855 n.2 (8th Cir. 2009) ("Adjudicative facts are facts relevant to the case currently before the court."). Facts are relevant if they have "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

However, "[c]aution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the … hearsay rules." *American Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009); *see United States v. Greene*, 210 F.3d 373 (6th Cir. Apr. 7,

---

[1] Doc. #84 at 1.

[2] *Id.*

[3] *Id.*

2000) (unpublished table decision) (affirming district court's decision that "because … letters and emails [were] hearsay [they were] not adjudicative facts"); *see generally Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) ("The overarching concern with taking notice of judicial records for 'the truth of the matter asserted' is the improper admission of hearsay."). In this sense, adjudicative facts must be admissible for the purpose offered. *In re NewStarcom Holdings, Inc.*, 547 B.R. 106, 136 (Bankr. D. Del. 2016); *see generally Wooden v. Mo. Pac. R.R. Co.*, 862 F.2d 560, 563 (5th Cir. 1989) (affirming denial of judicial notice where facts to be noticed "would only confuse the jury").[4]

In their amended complaint, the plaintiffs assert Eighth Amendment claims, through the vehicle of 42 U.S.C. § 1983, based on allegations that the defendants have created substantial risks of serious harm, injury, and death by: (1) maintaining "dangerous environmental conditions, including, but not limited to, vermin, exposure to mold and other toxic substances that endanger health, filthy cells and fixtures, broken plumbing, inoperable lighting, lack of electricity, and inadequate ventilation," Doc. #22 at 19; (2) "failing to protect [the plaintiffs] from violence, ignoring, by act or omission emergency situations, and enabling violent attacks within prison walls," *id*. at 21; (3) "providing inadequate nourishment to maintain health and serving food in an unsanitary and unsafe manner," *id*. at 22; (4) providing "inadequate medical care, including dental care, optical care, and other health-related services," *id*. at 23; and (5) providing inadequate mental health care, *id*. at 26. The plaintiffs seek various forms of injunctive and declaratory relief against

---

[4] There is some confusion as to what role the Federal Rules of Evidence play in the judicial notice inquiry. "Some courts have refused to take judicial notice when the information fails to satisfy other Rules [of Evidence]." *United States v. Mitrovic*, 890 F.3d 1217, 1225 n.8 (11th Cir. 2018) (collecting cases). "Other courts have treated the inquiry as twofold: (1) is the information subject to judicial notice; and if so, (2) is the information admissible." *Id*. (collecting cases). The Eleventh Circuit has expressly adopted the latter approach. While both approaches would produce the same result (exclusion of evidence which would be inadmissible for the purpose offered), the second approach seems contrary to the plain language of Rule 201, which states that a court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Because Rule 201 requires a court to take judicial notice when the requirements for doing so have been met, it would be improper to tack on a second inquiry of admissibility. Rather, it seems to this Court that admissibility should be considered as a part of the adjudicative fact inquiry.

the Commissioner of the Mississippi Department of Corrections and the Superintendent of Parchman, both in their official capacities.   *Id.* at 27–28.

As explained more below, the plaintiffs seek to utilize judicial notice to establish the facts and circumstances of the various deaths.   The Court must, therefore, determine whether the facts and circumstances are relevant as argued by the plaintiffs.   Furthermore, as mentioned above, the facts requested to be judicially noticed are not only facts of the deaths but also *statements* by MDOC and non-MDOC officials about the facts of the deaths.   Insofar as the relevance of these statements depend on the truth of the matters asserted, the facts of such statements may only be deemed adjudicative facts if they are not excludable under the rule against hearsay.   *Hoich*, 560 F.3d at 797.

### 1.   Relevance

The Eighth Amendment requires prison officials to provide humane conditions of confinement with due regard for inmate health and safety. To show a violation, inmates must prove that they were exposed to a substantial risk of serious harm and that prison officials acted or failed to act with deliberate indifference to that risk.

*Valentine v. Collier*, 978 F.3d 154, 2020 WL 6039993, at \*5 (5th Cir. 2020) (cleaned up).   "The presence of a substantial risk is an objective inquiry. Deliberate indifference, however, is subjective; it requires a showing that prison officials had actual knowledge of a risk and disregarded it."   *Id.* (citation omitted).

Where, as here, a plaintiff seeks injunctive relief against state officials in their official capacities, [5] "the plaintiff must identify a practice, policy, or procedure that animates the constitutional violation at issue."   *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).   For the official capacity claim to succeed, the policy or practice must have been "implemented with deliberate indifference to the

---

[5] Because the Mississippi Department of Corrections is an arm of the state, actions against MDOC's Commissioner and the Superintendent of Parchman in their official capacities are considered actions against the state.   *Wilkins v. Miss. Dep't of Corrs.*, No. 4:17-CV-137, 2020 WL 3490063, at \*3 (N.D. Miss. June 26, 2020).

known or obvious consequences that constitutional violations would result." *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (internal quotation marks omitted). In this sense, to be relevant, the judicially noticed facts sought here must relate to: (1) whether the plaintiffs were exposed to a substantial risk of serious harm; (2) whether the prison officials acted with deliberate indifference; or (3) whether the alleged constitutional violations were caused by a custom or policy that was implemented with deliberate indifference.

The plaintiffs argue that deaths at MDOC facilities are relevant "to the agency's disposition (deliberate indifference) as well as its custom or policies related to security, medical treatment, and environmental conditions effecting Plaintiffs." Doc. #97 at 2. They further argue that the deaths at Parchman are relevant because "the mental and physical impact of witnessing death and killing weighs greatly on the Plaintiffs" and that the non-Parchman deaths are relevant because "the medical provider for every MDOC facility is the same and functions under a singular operating procedure." Doc. #144 at 2.

First, the plaintiffs offer no specific argument as to how or why the facts sought to be judicially noticed would be relevant to proving a custom or official policy of the defendants. Indeed, none of the facts sought to be judicially noticed involve conduct on the part of the defendants. The facts of the deaths would thus have no bearing on whether the defendants maintained (or are maintaining) an official policy or custom. *See Cadena v. El Paso Cnty*, 946 F.3d 717, 728 (5th Cir. 2020) (to establish an official policy or practice, a plaintiff must show "either written policy statements, ordinances, or regulations or a widespread practice that is so common and well-settled as to fairly represent municipal policy that was the moving force behind the violation") (cleaned up).

Second, the plaintiffs have offered nothing to suggest that any of the named plaintiffs witnessed the deaths at issue. Even if the plaintiffs witnessed the deaths, the plaintiffs have

offered no argument as to how or why the alleged impact of the deaths would be relevant to their claims, which involve no requests for monetary damages. Accordingly, the Court finds these claims of relevance to be without merit.

To the extent the plaintiffs seek injunctive relief based on allegedly ongoing constitutional violations at Parchman, the current conditions at Parchman are certainly relevant. Accordingly, the ongoing deaths at Parchman are relevant to the extent the deaths would tend to show that prison officials are subjectively aware that the plaintiffs are being exposed to substantial risks of harm, including death. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (deliberate indifference for Eighth Amendment claims for injunctive relief "should be determined in light of the prison authorities' current attitudes and conduct, their attitudes and conduct at the time suit is brought and persisting thereafter") (citation omitted). Similarly, incidents at other facilities may also establish deliberate indifference when the same policies are in place at those facilities such that the incidents "should … have alerted [a policy maker] to the inadequacy" of the policies. *Cash v. Cnty. of Erie*, 654 F.3d 324, 336 (2d Cir. 2011); *see Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 744 (6th Cir. 2015) ("[E]vidence about similar incidents of inmate deaths in jail facilities served by SHP may be relevant to whether SHP acted with deliberate indifference …."). However, "[p]rior incidents … must involve facts substantially similar to those at hand in order to be relevant to a deliberate-indifference claim." *Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1374 (S.D. Fla. 2013). Additionally, deaths at a facility due to inmate assault may be relevant to whether plaintiffs are being exposed to conditions which carry a substantial risk of harm from inmate assaults. *See generally Vandevender v. Sass*, 970 F.3d 972, 978 (8th Cir. 2020) (plaintiff may show risk of serious harm due to inmate assaults by showing prior similar incidents).

Based on the above, the Court concludes that the deaths caused by assault at Parchman are relevant to the existence of a substantial risk of serious harm and to whether the defendants have

6

responded with deliberate indifference to such a risk. *Id*. The other deaths at Parchman may be relevant to the issue of deliberate indifference but only to the extent they involve facts "substantially similar to those at hand," *Tavss*, 965 F. Supp. 2d at 1374, that is, to the extent they were caused by allegedly unconstitutional conditions. Likewise, the deaths at MDOC facilities other than Parchman may also be relevant to the issue of deliberate indifference but only to the extent the allegedly unconstitutional policies were in place at those facilities *and* the deaths were caused by those policies.

Based on the parties' briefing, the Court cannot conclude to what extent the requested facts (other than the assaults at Parchman) satisfy the above standards. However, taking judicial notice is simply a form of admitting evidence. *See Veasey v. Abbott*, 888 F.3d 792, 815 (5th Cir. 2018) ("The district court was correct to ignore this … evidence, given our instruction that no new evidence be admitted (which would necessarily include evidence admitted by way of judicial notice).") (Graves, J., concurring in part). And "[w]hen the relevance of evidence depends on whether a fact exists … [t]he court may admit the proposed evidence on the condition that the proof be introduced later." Fed. R. Evid. 104(b). Under these circumstances, the Court will, in the exercise of its discretion, deem the facts unrelated to attacks at Parchman conditionally relevant such that if they satisfy the other requirements of Rule 201, they will be judicially noticed with the condition that their relevance be proved later.

### 2. Hearsay

The plaintiffs seek judicial notice of *facts about deaths* and *statements about facts of deaths*. The latter category implicates the rule against hearsay which, as a general matter, "bars the admission of any statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *United States v. Noria*, 945 F.3d 847, 852 (5th Cir. 2019) (internal quotation marks omitted). However, a statement is

not hearsay if it is offered against an opposing party and the statement was made "by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2).

Here, as explained above, the plaintiffs seek judicial notice of two categories of statements—statements made by MDOC and statements made by non-MDOC officials. The plaintiffs seek judicial notice of these statements for the purpose of proving the truth of the matter asserted. Accordingly, the statements may not be considered adjudicative facts unless they are either excluded from the definition of hearsay under Rule 801, or otherwise fall within the various exceptions to the hearsay rule under Rule 803.

The first of the categories—statements by MDOC officials—seem to fall squarely within the admission of the party opponent exclusion from the hearsay definition. *See Libertad v. Welch*, 53 F.3d 428, 443 n.12 (1st Cir. 1995) ("The press release is not hearsay, but admissible evidence as an admission of a party-opponent."). Such statements, therefore, may properly be considered adjudicative facts (to the extent relevant as described above). However, the second category is indisputably hearsay and the plaintiffs have failed to point to any applicable exceptions. Accordingly, because such statements would not be admissible to prove the truth of the matter asserted, they may not be considered adjudicative facts. *See Spencer*, 950 F.3d at 705.

### B. Capable of Accurate and Ready Determination

A fact can be accurately determined if the source provides a clear statement of the fact. 21B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE EVIDENCE § 5106.1 (2d ed.). A fact can be readily determined if the "source … provide[s] an 'immediate determination'" of the fact and if the source is "readily accessible." *Id*. Put differently, this requirement demands that the fact to be judicially noticed is clearly stated in the source *and* that the source itself is accessible. There is no dispute that each of the sources may be deemed

accessible under this rule. However, as explained below, some of the facts requested to be judicially noticed are not ascertainable from the cited source. Such requests must be denied in this respect.

### C. Source Whose Accuracy Cannot be Questioned

The proponent of the fact sought to be judicially noticed must show "the accuracy of the source … by some method independent of the source itself." 21B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE EVIDENCE § 5106.2 (2d ed.). There are two sources involved in this case—newspaper articles and MDOC press releases.

Newspaper articles are "seldom" considered satisfactory sources under Rule 201. *Id.* "When courts have taken judicial notice of contents of news articles, they have done so for proof that something is publically [sic] known, not for the truth of the article's other assertions." *The Estate of Lockett ex rel. Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). This Court agrees that a newspaper article is not a source whose accuracy cannot be questioned. Accordingly, the requests for judicial notice premised on statements in newspaper articles must be denied.

Unlike newspaper articles, "[a] press release is a source whose accuracy cannot reasonably be questioned," at least with respect "to the fact that the statements contained therein were made." *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 262 (S.D.N.Y.) (internal quotation marks omitted), *aff'd*, 788 F. App'x 85 (2d Cir. 2019). However, as with newspaper articles, courts have routinely declined to take judicial notice of press releases, even those from public agencies, for the truth of the matter asserted. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029–30 (C.D. Cal. 2015) ("[T]o the extent the court *can* take judicial notice of press releases and news articles, it can do so only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.") (internal

quotation marks omitted) (collecting cases); *N.M. ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 430 F. Supp. 3d 761, 873 n.95 (D.N.M. 2019) ("Courts do not even take judicial notice of another courts' factual findings, because those findings do not satisfy the not-subject-to-reasonable-dispute requirement. The Court sees even less reason to take judicial notice of the Attorney General of California's and the FTC's findings in public, and possibly politically motivated, press release and consumer warning.") (citations omitted); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 599 (E.D.N.Y. 2017) ("[I]t appears that Plaintiff named some of these individual Defendants because they were listed as having supervisory roles in the Queens County District Attorney's press release (dated March 12, 2008). Even though the Court takes judicial notice of the press release, as noted, it does not take judicial notice of the press release for the truth of its contents ….") (record citation omitted). Accordingly, the third requirement is satisfied only to the extent the plaintiffs seek judicial notice based on MDOC press releases to establish the fact that MDOC made specific statements.

### D.   Summary

In summary, the requests for judicial notice will be (1) granted to the extent the plaintiffs seek judicial notice of statements attributed to MDOC regarding deaths by assault at Parchman, provided those statements appear in MDOC press releases; (2) conditionally granted to the extent the plaintiffs seek judicial notice of statements attributed to MDOC regarding deaths at other facilities and deaths at Parchman not caused by assault, provided those statements appear in MDOC press releases; and (3) denied in all other respects.

## II
## May 14 Motion

The May 14 Motion will be granted in part, conditionally granted in part, and denied in part, as set forth in the table below.

| Request | Source | Ruling |
|---|---|---|
| On December 29, 2019, according to the Mississippi Department of Corrections ("MDOC"), Terrandance Dobbins was killed at South Mississippi Correctional Institution in a "major disturbance." | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On January 1, 2020, Walter Earl Gates was killed at Mississippi State Penitentiary at Parchman. According to the Sunflower County Coroner Heather Burton, Walker died of multiple stab wounds. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On January 2, 2020, according to Chickasaw County Sheriff Jim Meyers, Gregory Emary was killed in a fight at Chickasaw County Regional Correctional Facility. | *WTVA* Article | Denied because the source's accuracy can be questioned. |
| On January 2, 2020, Roosevelt Holliman was killed at Mississippi State Penitentiary at Parchman. According to Sunflower County Coroner Heather Burton, Roosevelt was stabbed to death in a "gang fight." | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On January 3, 2020, Denorris Howell was killed at Mississippi State Penitentiary at Parchman. According to Sunflower County Coroner Heather Burton, Denorris died from neck injuries after fight with cellmate. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On January 8, 2020, Parchman inmate A.D. Mills died at Merit Health Clarksdale Hospital. Alleged by Coahoma County Coroner Scotty Meredith, A.D. died of undefined "natural causes" | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On January 18, 2020, Gabriel Carmen was found dead at Mississippi State Penitentiary at Parchman. Alleged by the MDOC, Gabriel's cause of death was a suicide in an apparent hanging. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |

| | | |
|---|---|---|
| On January 20, 2020, Timothy Hudspeth was killed at Mississippi State Penitentiary at Parchman. According to the MDOC, Timothy died of blunt force beating injuries after fight with other inmates. | MDOC Press Release | Granted as to the existence of MDOC's statement that Hudspeth suffered injuries following an altercation with other inmates. Denied to the extent there is no statement that the injuries were blunt force. Denied as to the truth of the matter asserted. |
| On January 20, 2020, James Talley was killed at Mississippi State Penitentiary at Parchman. According to the MDOC, James died of blunt force beating injuries after fight with other inmates. | MDOC Press Release | Granted as to the existence of MDOC's statement that Talley suffered fatal injuries following an altercation. Denied as to the statement regarding blunt force beating injuries because the statement in the press release is attributed to the Sunflower County Coroner, not MDOC. Denied as to the truth of the matter asserted. |
| On January 22, 2020, Thomas Lee was found dead at Mississippi State Penitentiary. Alleged by the MDOC, Thomas's cause of death was an apparent suicide via hanging. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On January 25, 2020, Jermaine Tyler was found dead at Marshall County Correctional Facility. Alleged by the Management and Training Corporation ("MTC"), the private company that runs the prison, Jermaine was found unresponsive and there were no apparent signs of foul play. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On January 26, 2020, Joshua Norman was found dead at Mississippi State Penitentiary. Alleged by the MDOC, Norman's cause of death was an apparent suicide via hanging. | MDOC Press Release | Denied as to the existence of MDOC's statement because the statement in the press release is attributed to a county coroner, not MDOC. Denied as to the truth of the matter asserted. |
| On January 28, 2020, Limarion Reaves collapsed and died at Kemper-Neshoba Regional Correctional Facility. According to the MDOC, Limarion's cause of death is undetermined pending an autopsy report conducted by the State of Mississippi. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement regarding the cause of death. Denied as to the truth of the matter asserted. |

| | | |
|---|---|---|
| On January 30, 2020, Nora Ducksworth died at Marshall County Correctional Facility. Alleged by the MTC, Nora's cause of death was apparent natural causes with no foul play suspected. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On February 2, 2020, Jesus Garcia was found dead at Wilkinson County Correctional Facility. Alleged by the MTC, Jesus was found unresponsive in a cell, with no signs of assault. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On February 10, 2020, James Allen Brown died at the hospital at the Mississippi State Penitentiary at Parchman. Alleged by the MDOC, no foul play was suspected, with an autopsy conducted by the State of Mississippi pending. | MDOC Press Release | Denied as to the existence of MDOC's statement because the statement in the press release is attributed to a county coroner, not MDOC. Denied as to the truth of the matter asserted. |
| On February 15, 2020, Central Mississippi Correctional Inmate, Bobby Lewis Vance, died at Merit Health Hospital in Jackson, Mississippi. Alleged by the MDOC, no foul play was suspected, with an autopsy conducted by the State of Mississippi pending. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement regarding the cause of death. Denied as to the truth of the matter asserted. |
| On February 16, 2020, David Lee May was found dead at Central Mississippi Correctional Facility. Alleged by the MDOC, no signs of injury to the body were recorded, with an autopsy conducted by the State of Mississippi pending. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement regarding the cause of death. Denied as to the truth of the matter asserted. |
| On February 27, 2020, alleged by the MDOC, Central Mississippi Correctional inmate, Omar Beard, died at Merit Health Rankin of undetermined "natural causes." | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement other than the date of death, which is alleged to be February 26, 2020. Denied as to the truth of the matter asserted. |
| On February 28, 2020, two inmates, Paul Joseph Capps and Timothy Sharp, died in the hospital at the Mississippi State Penitentiary at Parchman. Alleged by the MDOC, both deaths were due to undetermined natural causes, with an autopsy conducted by the State of Mississippi pending. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement that two deaths occurred. Denied as to the identification of the inmates because the inmates were unidentified in the press release. Denied as to the truth of the matter asserted. |

| | | |
|---|---|---|
| On March 2, 2020, Grayland Cox, who was serving a six-year sentence with an enhanced penalty for selling cocaine, died at Merit Health Central Jackson. Cox was incarcerated at Marshall County Correctional Facility. According to the MDOC, no foul play is suspected | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On March 2, 2020, Patricia Wilhite died at Baptist Memorial Center in Jackson. She was an inmate at Central Mississippi Correctional Facility in Rankin County. According to the MDOC, no foul play is suspected in her death, but the official cause will be determined by autopsy | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On March 4, 2020, Lee R. Clemmer Jr., who was serving eight years for two drug convictions, died in Unit 42 at the Mississippi State Penitentiary at Parchman. According to the MDOC, no foul play is suspected as Clemmer was being treated for a terminal disease. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement that Clemmer died in Unit 42 and that foul play was not suspected. Denied as to MDOC statement that Clemmer was being treated for a terminal disease, which statement does not appear in the press release. Denied as to the truth of the matter asserted. |
| On March 7, 2020, Mississippi State Penitentiary at Parchman Inmate, Willie C. Booker, died at Baptist Memorial Hospital in Oxford, Mississippi. According to the MDOC, foul play is not suspected and the cause and manner of death are pending the results of an autopsy. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On March 9, 2020, David W. Parvin died at the Central Mississippi Correctional Facility. According to the MDOC, foul play was not suspected in the inmate's death. An autopsy will determine the official cause and the manner of death. | MDOC Press Release and *WJTV* Article | Denied to the extent it relies on a newspaper article. Otherwise conditionally granted as to the existence of MDOC's statement and denied as to the truth of the matter asserted. |
| On March 12, 2020, Michael Robertson died at the Mississippi State Penitentiary at Parchman. According to the MDOC, Robertson was allegedly found unconscious in his cell in Unit 30 during the afternoon count. An autopsy will determine the cause and official manner of death. | MDOC Press Release and *WLBT* Article | Denied to the extent it relies on a newspaper article. Otherwise conditionally granted as to the existence of MDOC's statement and denied as to the truth of the matter asserted. |

| | | |
|---|---|---|
| On March 19, 2020, Lamar Kitchens died at the hospital at the Mississippi State Penitentiary at Parchman. According to the MDOC, no foul play is suspected in his death. An autopsy will determine the official cause and the manner of death. | *WLBT* Article | Denied because the source's accuracy can be questioned. |
| On March 21, 2020, Try Michael Daughtery died at South Mississippi Correctional Institution. According to the MDOC, Daughtery was allegedly found unconscious in his bed that evening, foul play was not suspected in the inmate's death. An autopsy will determine the cause and official manner of death. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |

### III
### May 15 Motion

The May 15 Motion will be conditionally granted in part and denied in part, as set forth in the table below.

| Request | Source | Ruling |
|---|---|---|
| On March 30, 2020, according to the Mississippi Department of Corrections ("MDOC"), Joseph Phillip Knowles died at the Greene County Hospital. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On April 1, 2020, according to MDOC, David Young died at a hospital in Jackson after an altercation with his cellmate. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On April 5, 2020, according to MDOC, Mary Jewell died at Merit Health Central in Jackson, Mississippi. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On April 11, 2020, according to MDOC, Earl Lee Dycus died at the Delta Regional Medical Center. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |

| | | |
|---|---|---|
| On April 18, 2020, according to MDOC, Richard Rimmer died in the hospital at the Mississippi State Penitentiary at Parchman. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On April 23, 2020, according to MDOC, Linnon McClendon died in the hospital at the Mississippi State Penitentiary at Parchman. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On April 30, 2020, according to MDOC, Darrell Hugh King died at a Jackson hospital. King had been hospitalized for several days at Merit Health Central. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On May 2, 2020, according to MDOC, Rodney Brown died at Greene County Hospital after falling ill in his housing area. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On May 4, 2020, according to MDOC, Darryl J. Swanier died at Delta Regional Medical Center. Swanier had been hospitalized at the prison hospital for several days before being moved to Delta Regional Hospital. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On May 11, 2020, according to MDOC, Robert Floyd McGuire was found unresponsive on his rack at the Mississippi State Penitentiary. He was taken to the prison hospital, where he was pronounced dead. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On May 12, 2020, according to MDOC, Timmy Terrell Harden died at the hospital at the Mississippi State Penitentiary at Parchman. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |

## IV
## June 20 Motion

The June 20 Motion will be conditionally granted in part and denied in part, as set forth in the table below.

| Request | Source | Ruling |
|---|---|---|
| On May 16, 2020, according to the Mississippi Department of Corrections, Robert Bond, Jr. (MDOC #50131), age 51, was pronounced dead. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On May 18, 2020, according to the Mississippi Department of Corrections, Huey Evans (MDOC #117043), age 69, was pronounced dead. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On May 30, 2020, according to the Mississippi Department of Corrections, William Sharp (MDOC #04466), age 50, died after being found unresponsive in his cell. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On June 1, 2020, according to the Mississippi Department of Corrections, Harold Ramsey (MDOC #61845), an inmate housed at Parchman, age 62, died at the Delta Regional Medical Center in Greenville, Mississippi. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On June 5, 2020, according to the Mississippi Department of Corrections, Jessie Minnifield (MDOC #33279), an inmate receiving specialty care, age 75, died. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On June 7, 2020, according to the Mississippi Department of Corrections, Deborah Patton (MDOC #190938), age 41, died. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On June 15, 2020, according to the Mississippi Department of Corrections, Andre Donnell Christian Cooper (MDOC #190938), age 31, died having been found unresponsive in his cell. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On June 19, 2020, according to the Mississippi Department of Corrections, Philip E. Adelsheimer (MDOC #210636), age 30, died having been found unresponsive in his cell. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |

## V
## August 10 Motion

The August 10 Motion will be conditionally granted in part and denied in part, as set forth

17

in the table below.

| Request | Source | Ruling |
|---|---|---|
| On June 29, 2020, according to the Mississippi Department of Corrections, Herman David Wiley, (MDOC #R8965), age 58, died at Merit Health Central in Jackson, Mississippi. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement, except for the date of death, which is represented in the press release to have been June 27, 2020. Denied as to the truth of the matter asserted. |
| On July 1, 2020, according to the Mississippi Department of Corrections, Craig Brown, (MDOC # R0283), age 55, was pronounced dead after not responding to resuscitation efforts. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On July 9, 2020, according to the Mississippi Department of Corrections, Bobby Neil McFalls, (MDOC #31948), age 64, housed at the Mississippi State Penitentiary at Parchman died. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement, except for the date of death, which is represented in the press release to have been July 8, 2020. Denied as to the truth of the matter asserted. |
| On July 13, 2020, according to the Mississippi Department of Corrects [sic], Owen Nelson, (MDOC # 44870), age 57, housed at the Mississippi State Penitentiary, died at Allegiance Specialty Hospital of Greenville. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On July 14, 2020, according to the Mississippi Department of Corrections, Preston Ray Johnson, (MDOC # 177524), age 33, was pronounced deceased after being found unresponsive in his cell. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On July 22, 2020, according to the Mississippi Department of Corrections, Nathaniel Bryan Taylor, (MDOC # 143112), age 32, was pronounced dead at the Greene County Hospital. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement. Denied as to the truth of the matter asserted. |
| On August 3, 2020, according to the Mississippi Department of Corrections, Brandon Flowers, (MDOC # T2244), age 42, was pronounced dead at Allegiance Specialty Hospital in Greenville, Mississippi. | MDOC Press Release | Conditionally granted as to the existence of MDOC's statement, except for the date of death, which is represented in the press release to have been August 2, 2020. Denied as to the truth of the matter asserted. |

| | | |
|---|---|---|
| On August 7, 2020, according to the Mississippi Department of Corrections, Antonio D. Hay, (MDOC # 45748), age 54, died. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On August 7, 2020, according to the Mississippi Department of Corrections, Melvin Earl Thomas, (MDOC # 31892), age 66, died. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |
| On August 8, 2020, according to the Mississippi Department of Corrections, J.C. Ormand, (MDOC # 56747), age 91, housed at the Mississippi State Penitentiary at Parchman, died. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |
| On August 8, 2020, according to the Mississippi Department of Corrections, Carl Shane Cox, (MDOC # 217254), age 48, died. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |

# VI
## August 27 Motion

The August 27 Motion will be denied, as set forth in the table below.

| Request | Source | Ruling |
|---|---|---|
| On August 12, 2020, according to the Mississippi Department of Corrections, Lester Andre Henderson, age 36, housed at Tallahatchie County Correctional Facility, died as a result of an attack. | *The Dispatch* Article | Denied because the source's accuracy can be questioned. |
| On August 13, 2020, according to the Mississippi Department of Corrections, Michael Gene Ray, (MDOC #136799), age 64, housed at the Mississippi State Penitentiary at Parchman, died in the prison hospital. | *The Dispatch* Article, and Doc. #128-4 at PageID #8999 (which does not appear to support) | Denied because the source's accuracy can be questioned. |
| On August 15, 2020, according to the Mississippi Department of Corrections, Woodrow Winchester (MDOC # T0274), age 64, housed at the Mississippi State Penitentiary at Parchman died at Merit Health Central in Jackson, Mississippi. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |

| | | |
|---|---|---|
| On August 16, 2020, according to the Mississippi Department of Corrections, Joe Taylor Jr., (MDOC # 193526), age 69, housed at the Mississippi State Penitentiary at Parchman, died at the Northwest Mississippi Regional Medical Center in Clarksdale, Mississippi. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On August 19, 2020, according to the Mississippi Department of Corrections, Eddie Johnson, (MDOC # 156315), age 51, housed at Central Mississippi Correctional Facility, died at Merit Health Central in Jackson, Mississippi. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |
| On August 20, 2020, according to the Mississippi Department of Corrections, David Harris, (MDOC # 148476), age 81, housed at the Mississippi State Penitentiary at Parchman died in the prison hospital. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |
| On August 20, 2020, according to the Mississippi Department of Corrections, Malachi Lewis, (MDOC # 45026), age 77, housed at the Mississippi State Penitentiary at Parchman died in the prison hospital. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |
| On August 21, 2020, according to the Mississippi Department of Corrections, Carl Magee, (MDOC # K9289), age 63, housed at South Mississippi Correctional Institution, was pronounced dead at the Greene County Hospital in Leakesville, Mississippi. | *U.S. News & World Report* Article | Denied because the source's accuracy can be questioned. |
| On August 24, 2020, according to the Mississippi Department of Corrections, Willie Terrell Leflore (MDOC # 172033), age 69, housed at Central Mississippi Correctional Facility, died at Merit Health Central in Jackson, Mississippi. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On August 24, 2020, according to the Mississippi Department of Corrections, Joseph Whitehead (MDOC # 158386), age 45, housed at Central Mississippi Correctional Facility, died at Merit Health Central in Jackson, Mississippi. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |

| | | |
|---|---|---|
| On August 24, 2020, according to the Mississippi Department of Corrections, Darius Hamilton (MDOC # N4635), age 37, housed at Central Mississippi Correctional Facility, died at Merit Health Central in Jackson, Mississippi. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |
| On August 25, 2020, according to the Mississippi Department of Corrections, Melvin Gamage Jr. (MDOC # 56705), age 69, housed at Central Mississippi Correctional Facility, died at Merit Health Central in Jackson, Mississippi. | *Clarion Ledger* Article | Denied because the source's accuracy can be questioned. |

## VII
## Conclusion

For the reasons explained above: (1) the May 14 motion for judicial notice [83] is **GRANTED in Part**, **CONDITIONALLY GRANTED in Part**, and **DENIED in Part**; (2) the May 15 motion for judicial notice [86] is **CONDITIONALLY GRANTED in Part and DENIED in Part**; (3) the June 20 motion for judicial notice [109] is **CONDITIONALLY GRANTED in Part and DENIED in Part**; (4) the August 10 motion for judicial notice [125] is **CONDITIONALLY GRANTED in Part and DENIED in Part**; and (5) the August 27 motion for judicial notice [142] is **DENIED**.[6]

**SO ORDERED**, this 12th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] The facts of deaths at MDOC facilities should be amenable to stipulations. The Court encourages the parties to work together to resolve issues such as these in the future.