## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

DARRAN LANG, et al.                                                                    PLAINTIFFS

V.                                                                   NO. 4:20-CV-30-DMB-RP

NATHAN "BURL" CAIN, et al.                                                             DEFENDANTS

### ORDER

Before the Court is "MDOC Defendants' Motion to Dismiss or Alternatively Consolidate Actions." Doc. #27.

### I
### Procedural History

On July 9, 2020, the plaintiffs, 227 current and former residents of the Mississippi State Penitentiary at Parchman, Mississippi ("Parchman"), filed an amended complaint in the United States District Court for the Northern District of Mississippi against Mississippi Department of Corrections ("MDOC") Commissioner Nathan "Burl" Cain; MDOC Deputy Commissioner of Institutions Jeworski Mallett; Parchman Acting Superintendent/Area 1 Warden Timothy Morris; MDOC Chief Medical Officer Gloria Perry; Parchman Area 2 Warden Brenda Cox; Parchman Chief of Security Sonja Stanciel; and Centurion of Mississippi, LLC. Doc. #6. In their complaint, the plaintiffs assert an array of Eighth Amendment claims related to the current and past conditions at Parchman. *Id.* at 38–42. The plaintiffs also raise procedural due process claims related to their confinement. *Id*. at 38.

On September 4, 2020, the MDOC defendants filed a motion to dismiss or, alternatively, consolidate this case with another case before this Court, *Amos v. Taylor*, No. 4:20-cv-7-DMB-JMV. Doc. #27. The motion is fully briefed. Docs. #28, #34, #37.

## II
## Analysis

During a February 3, 2020, hearing in *Amos*, the Court allowed certain discovery limited to the named plaintiffs in that case. To avoid an attempt to expand the limited discovery, the Court instructed the plaintiffs not to "go file a complaint – another amended complaint that adds some more people." Doc. #27-1 at 49. Relying on this statement, the MDOC defendants ask the Court to dismiss this case "pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiffs' counsel filed it in direct contravention of the Court's order issued in *Amos* … to refrain from amending their complaint or otherwise adding plaintiffs." Doc. #28 at 1. The plaintiffs respond that the *Amos* order "in no way prohibited **different** individuals incarcerated by the [MDOC] from pursuing their own claims in their own lawsuits." Doc. #34 at 3.

The Court agrees with the plaintiffs. The order in *Amos* limited the ability of the plaintiffs in that case to amend the complaint to broaden discovery. Nothing in the Court's order prohibited separate individuals from bringing their own separate, although similar, claims in a separate action. Accordingly, to the extent the defendants' motion seeks dismissal, dismissal will be denied.

Alternatively, the MDOC defendants ask the Court to "consolidate this action into *Amos* pursuant to Rule 42(a) of the Federal Rules of Civil Procedure." Doc. #28 at 4. The plaintiffs oppose consolidation on the arguments that *Amos* and this case are in different procedural postures and "the issue of consolidation is not yet ripe for consideration in either matter." Doc. #34 at 7. The MDOC defendants reply that consolidation is warranted "to bring two cases with common issues of fact and law into the same 'posture' for convenience and economy." Doc. #37 at 7.

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

This case and *Amos* involve common questions of law and fact.  Both cases involve current and former prisoners at Parchman alleging violations of their constitutional rights based on the conditions within the prison, the plaintiffs and the defendants are represented by the same counsel in both actions, and the procedural postures of the cases—which are both pre-discovery[1]— are not significantly different enough to justify denying consolidation.   The Court thus finds that consolidation is warranted.  *See Young v. City of Augusta, Ga ex rel. DeVaney*, 59 F.3d 1160, 1169 (11th Cir. 1995) ("[B]oth actions allege that jail officials were deliberately indifferent to the psychiatric treatment needs of the plaintiffs … due to a City custom, practice or policy. The core issue of liability, … whether the City can be held accountable for the alleged deprivations suffered by the plaintiffs, is the same in both cases.").   Accordingly, the alternative request to consolidate will be granted.

### III
### Conclusion

The MDOC defendants' motion to dismiss or alternatively consolidate [27] is **DENIED in Part and GRANTED in Part**.  It is DENIED to the extent it seeks dismissal but GRANTED with respect to consolidation.   Accordingly,

1. This case (4:20-cv-30) and the *Amos* case (4:20-cv-7) are **CONSOLIDATED** until further order of the Court.

2. The *Amos* case (4:20-cv-7) is designated as the lead case.

3. All documents shall be filed in the lead case and spread on the docket of the related case in the Court's electronic case management system, unless the Court directs otherwise.

4. The caption of all documents filed in the lead case shall indicate first the caption of

---

[1] Limited expedited discovery was approved in *Amos*; however, the case is not in the discovery phase.

the *Amos* case, followed by the caption of this case. The words "consolidated with" must appear directly under the caption of the *Amos* case.

**SO ORDERED**, this 12th day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**